UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE EDUARDO L.,[1]<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-03753-TLN-CSK<br>(A# 078-063-984)<br>**ORDER** |

Petitioner, an immigration detainee proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 2, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 10.) Respondents filed objections to the findings and recommendations. (ECF No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Court has conducted a *de novo* review of this case. Having reviewed the entire file, including the objections, the Court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

In objection, Respondents argue the test set forth in *Mathews v. Eldridge* is inapplicable because Petitioner's due process claim is substantive, not procedural. 424 U.S. 319 (1976). (ECF No. 11 at 1.) Petitioner pleaded both procedural and substantive due process claims (ECF No. 1 at 5–7 (First and Third Causes of Action), the magistrate judge found violations of both procedural and substantive due process, and properly analyzed the procedures owed to Petitioner under *Mathews*. (ECF No. 11 at 8–10.) The magistrate judge acknowledged that "[d]istrict courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." (*Id.* at 8 n.4 (citing *Mohammed v. Warden Cal. City Detention Ctr*., No. 1:26-cv-0118-DJC-CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026).) Accordingly, the magistrate judge considered a multitude of factors from the other tests within the *Mathews* framework. (*Id.* at 8–10.)

Respondents do not argue for the application of any particular test in the alternative, but even if this Court were to analyze Petitioner's claim under a different test, it does not change the outcome. For example, under *Lopez v. Garland*, courts consider three factors: "[1] the total length of detention to date, [2] the likely duration of future detention, and [3] the delays in the removal proceedings caused by the petitioner and the government." 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).

Here, the first two factors favor Petitioner and the final factor is neutral. First, Petitioner has now been detained without a bond hearing for nearly eleven months. (ECF No. 10 at 2.) Courts have routinely found detentions without bond hearings for similar lengths of time to be unreasonable. *See Yang v. Chestnut*, No. 1:26-CV-01902-DJC-EFB, 2026 WL 915018, at *3 (E.D. Cal. Apr. 3, 2026) (finding detention over eleven months unreasonable and collecting cases); *Rash v. LaRose*, 823 F. Supp. 3d 1174, 1181 (S.D. Cal. 2026) (finding detention over fourteen months unreasonable and collecting cases). Second, the likely duration of future

detention is unclear, but could plausibly extend for several years. Petitioner's appeal before the Board of Immigration Appeals ("BIA") is currently pending and he could face several more months or even years of detention during adjudication of appeals to the BIA and the Ninth Circuit. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019) (noting the appeal process for an immigration judge's removal order "may take up to two years or longer."). Third, the record is incomplete as to delays in removal proceedings. As the magistrate noted, although "[P]etitioner requested two continuances of his removal proceedings in September 2025 and December 2025, the record does not indicate whether the continuances were granted, for how long any such continuances resulted in delay, and whether the government requested any continuance or caused any delays." (ECF No. 10 at 9 (citing ECF No. 8 at 2; ECF No. 8-1 at 3).)

Thus, even under an alternate test, the Court finds Petitioner's continued detention without a hearing has become unreasonably prolonged in violation of the Fifth Amendment and he must be afforded a bond hearing.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 10) are adopted in full.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DISMISSED WITHOUT PREJUDICE IN PART.

3. Respondents are ENJOINED and RESTRAINED from continuing to detain Petitioner for more than **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral fact-finder at which Respondents bear the burden to justify Petitioner's detention by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. The factfinder must consider alternative conditions of release and Petitioner's financial circumstances in setting bond. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the neutral factfinder at the hearing.

4. Within **two (2) court days** from the date of the bond hearing, Respondents must file a **notice of compliance** with this Court's Order and identify Petitioner's custody status and

the outcome of any hearing.

5. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner absent material changed circumstances and compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents show by clear and convincing evidence (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (2017). At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: July 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE